**Slip Op. 02-17**

_____

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

_____

## THE HONORABLE JANE A. RESTANI, JUDGE

_____

|  |  |  |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES, CORP. | : | |
| | : | |
| Plaintiff, | : | Court No. 94-10-00625 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____

[No interest awarded on Harbor Maintenance Tax refunds made under 28 U.S.C. § 1581(i)]

Baker & McKenzie (Susan G. Braden, William D. Outman, II, Kevin M. O'Brien, Teresa A. Gleason and Michael E. Murphy) for plaintiff.

Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Todd M. Hughes, Assistant Director, Jeffrey A. Belkin, Trial Attorney, Commercial Litigation Branch, Civil Division United States Department of Justice, for defendant.

## FINAL ORDER

This matter was the original test case regarding interest on Harbor Maintenance Tax refunds.

Before the court is plaintiff's motion of February 4, 2001 to lift stay and enter judgment.

After the court's original judgment in favor of plaintiff herein, the Court of Appeals reversed

the part of the judgment finding interest owing under the applicable statute. See IBM v. United

States, 201 F.3d 1367 (Fed.Cir. 2000), rev'g 22 CIT 519 (Ct. Int'l Trade 1998), amended by Errata dated June 9, 2000 (partial reversal substituted for remand). Plaintiff did not raise its constitutional arguments (which this court did not reach) in its response brief in the appeal. After mandate issued, plaintiff attempted to raise such issues here and defendant opposed the attempt. See Pl.'s Mem. Supp. Summ. J. at 3; Def.'s Resp. at 4-7; Pl.'s Reply at 12-16. The court stayed this case pending resolution of the constitutional issues in other cases. See Order dated June 4, 2001.

No party with a judgment for refund of Harbor Maintenance Taxes pursuant to 28 U.S.C.§1581(i) jurisdiction, and whose interest award depended on a favorable resolution of this action, asked the court to amend such judgment to reference a different test case prior to partial reversal in this matter, even though constitutional issues had not been placed squarely before the appellate court. Thus, this remains the test case for all such judgments, and the court finds that this matter should be completed at the earliest time possible.

The Court of Appeals did not remand this matter for the court to consider constitutional issues after plaintiff's sought reconsideration in the appellate court on such grounds. The appellate court simply reversed the interest award aspect of the judgment. See IBM, 201 F.3d at 1374-75 (subsequent errata amending conclusion to reverse "[t]he portion of the judgment of the Court of International Trade ordering interest pursuant to 28 U.S.C. § 2411 as owing on the principal amount adjudged."). Therefore, the court will not consider plaintiff's March, 2001 motion for summary judgment further. If the appellate court intended this court to consider the issue, the court would deny any award of interest for the reasons stated in Swisher Int'l, Inc. v. United States, Slip Op. 01-144 (Ct. Int'l Trade Dec. 11, 2001).

If the Court of Appeals reverses <u>Swisher</u> or any other HMT interest case addressing constitutional claims, it is up to it to recall the mandate in this matter, if possible. This court may not amend the judgment of the appellate court.

Accordingly, plaintiff's motion of February 4, 2002, to lift stay and enter judgment is granted in part, plaintiff's motion for summary judgment for award of interest is denied and this matter is terminated.

_____
JANE A. RESTANI
Judge

DATED:    New York, New York

This 21st day of February, 2002